UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MYRON GREGORY JESSIE,

    Petitioner,

v.

MICHIGAN ATTORNEY GENERAL,

    Respondent.

Case No. 23-11471
Honorable Laurie J. Michelson

**OPINION AND ORDER SUMMARILY DISMISSING THIS DUPLICATIVE HABEAS CASE**

Myron Gregory Jessie is in prison after being convicted of two counts of armed robbery, Mich. Comp. Laws § 750.529, and one count of first-degree home invasion, Mich. Comp. Laws § 750.110a(2) in a Michigan state court. In 2016, the trial court sentenced Jessie as a habitual offender to concurrent terms of 24 to 50 years in prison for each of the armed-robbery charges and 9 to 30 years in prison for the home invasion.

On June 9, 2023, Jesse filed the instant pro se petition for a writ of habeas corpus seeking relief under 28 U.S.C. § 2254. He raises one claim involving sufficiency of the evidence and another involving entitlement to re-sentencing based on the trial court's scoring of offense variables 8, 10, and 13. But Jessie has another habeas petition currently pending before this Court that challenges the same convictions and sentence. Thus, the Court will summarily dismiss the petition as duplicative.

I.

Several years ago, on September 30, 2019, Jesse filed a pro se habeas corpus petition under 28 U.S.C. § 2254 in this Court. *See Jessie v. Huss*, No. 19-12846 (E.D. Mich. filed Aug. 30, 2019). Jessie raised as grounds for relief that: (1) the evidence at trial was insufficient to convict him of armed robbery and first-degree home invasion as an aider and abettor; (2) resentencing is required because the trial court erroneously scored offense variables 8, 10, and 13; and (3) the trial court engaged in impermissible judicial fact-finding. *Jessie*, 19-12846, ECF No. 1. In July 2020, this Court granted Jessie's request to hold his petition in abeyance so that he could exhaust additional claims before the Michigan state courts. *Jessie*, 19-12846, ECF No. 13. On June 26, 2023, Jessie moved to reopen his case. *Jessie*, 19-12846, ECF No. 15. On August 24, 2023, the Court denied Jessie's motion on the basis that he failed to file an amended petition and permitted him additional time to file one. *Jessie*, 19-12846, ECF No. 16. When Jessie failed to comply with the Court's order, the Court re-opened the case on October 6, 2023, to adjudicate only the claims presented in the original petition. *Jessie*, 19-12846, ECF No. 17. On October 11, 2023, Jessie filed a renewed motion to re-open and an amended petition. *Jessie*, 19-12846, ECF No. 19. The Court accepted the amended petition. *Jessie*, 19-12846, ECF No. 21.

On June 9, 2023, Jessie filed the present second or successive habeas petition. *Jessie v. Michigan Attorney General*, No. 23-11471 (E.D. Mich. filed June 21. 2023), ECF No. 1. The case was assigned to the Honorable David. M. Lawson. As in his 2019 petition, Jessie challenges his 2016 convictions for armed robbery and first-degree home invasion and raises a sufficiency of the evidence claim and a re-sentencing

2

claim. On October 13, 2023, the Court entered an order to show cause why the case should not be dismissed as untimely. (ECF No. 7.) In his December 11, 2023, response, Jessie explained that this Court already accepted his amended petition as timely filed in Case No. 19-12846. The case was then reassigned to the undersigned.

II.

Having reviewed the matter, and as Jessie's show cause response concedes, the present habeas petition is duplicative of Jessie's initial petition.

A suit is duplicative, and thus subject to dismissal, if the claims, parties, and available relief do not significantly differ between the two actions. *Barapind v. Reno*, 72 F.Supp.2d 1132, 1145 (E.D. Cal. 1999) (internal citations omitted). Indeed, both of Jessie's habeas petitions raise the same claims, seek the same relief, and challenge the same convictions and sentence. *Id*. So the instant case will be dismissed as duplicative of the first-filed habeas case. *See, e.g., Flowers v. Trombley*, 2006 WL 724594, *1 (E.D. Mich. March 17, 2006); *Harrington v. Stegall*, 2002 WL 373113, *2 (E.D. Mich. Feb. 28, 2002); *see also Davis v. United States Parole Comm'n*, 870 F.2d 657, 1989 WL 25837, *1 (6th Cir. March 7, 1989) (district court may dismiss habeas petition as duplicative of pending habeas petition when second petition is essentially same as first petition).

Accordingly, the Court **DISMISSES** this case without prejudice to Jessie's previously-filed habeas case. The Court makes no determination as to the merits of the claims. All future pleadings should be filed in Case No. 2:19-cv-12846. This case is closed.

3

III.

Before Jessie may appeal this decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). Reasonable jurists could not debate the correctness of the Court's procedural ruling. Accordingly, the Court **DENIES** a certificate of appealability. The Court also **DENIES** leave to proceed *in forma pauperis* on appeal as an appeal from this non-prejudicial dismissal cannot be taken in good faith. *See* Fed. R. App. P. 24(a).

SO ORDERED.

Dated: May 13, 2024

                                                    s/Laurie J. Michelson
                                                    LAURIE J. MICHELSON
                                                    UNITED STATES DISTRICT JUDGE